## P. Lorrilard Company v. James A. Scott, Chairman, Robert L. Greene and Ben Ringo, Comprising the State Tax Commission of Kentucky, and the State Tax Commission of Kentucky.

(Decided May 30, 1919.)

Taxation—Taxation of Corporations—Business Transacted.—The words, "business transacted" as used in section 4189c, volume 3, Ky. Stats., include not only selling operations, but any and every kind of business transaction of a corporation that is legally doing business in the state.

HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY and CHARLES W. MILNER for plaintiff.

CHARLES H. MORRIS, Attorney General, D. M. HOWERTON, Assistant Attorney General, for defendant.

APPLICATION FOR INJUNCTION BEFORE JUDGE CLARKE— Application denied.

Upon the consideration of this application for an injunction, made before me, as a judge of the Court of Appeals, in an action pending in the Franklin circuit court, I have sought and had the assistance of my associates, Judges Hurt, Settle, Thomas and Quin, all of whom agree with me that the application should be denied, and that since a construction of the statute on taxation not heretofore construed is involved, our construction thereof should be set forth in an opinion.

Plaintiff is a non-resident corporation doing business and owning property in and out of the state, and as such is required to pay an annual license tax on that portion of its capital stock employed within the state by section 4189c, vol. 3, Kentucky Statutes, which also provides the method for ascertaining the amount of the tax to be paid as follows:

"Domestic and foreign corporations shall pay an annual license tax of fifty cents on each one thousand dollars of that part of their authorized capital stock represented by property owned and business transacted in this state, which shall be ascertained by finding the proportion that the property owned and business transacted in this state bears to the aggregate amount of property owned and business transacted in and out of this state. . . ."

The controversy arises over the meaning of the words "business transacted," as used in the statute and as applied to the following agreed facts for the year ending December 31, 1918:

| | | |
|---|---|---:|
| (1) | Entire gross income | $84,115,488.06 |
| (2) | Total amount of purchases | 28,624,736.49 |
| (3) | Total value of tangible property | 44,093,763.52 |
| | Total | $156,833,988.07 |
| (4) | Gross income for Kentucky | 226,315.29 |
| (5) | Amount of purchases in Kentucky | 8,623,847.06 |
| (6) | Value of tangible property in Kentucky | 1,519,081.85 |
| | Total | $10,369,244.20 |

Plaintiff seeks to enjoin the Tax Commission from including items 2 and 5 above in the calculation required by the statute to determine the proportion of its capital stock employed within the state upon which the tax is levied, insisting that "business transacted," as used in the statute, means only gross income, while the Tax Commission insists it means not only income, but includes every kind and character of business transacted within the state, and in conformity with that construction, has found the total of business transacted and property owned by applicant in and out of the state to be the total of the first three of the above items, namely, $156,833,988.07, and that the business transacted and property owned within the state, is the aggregate of items 4, 5 and 6, namely $10,369,244.20, and by comparing these aggregates has fixed the portion of the company's capital stock employed within the state at $2,746,840.00, the tax upon which at the rate of fifty cents on one thousand dollars, amounts to $1,373.42.

To follow the method contended for by plaintiff and exclude items 2 and 5, the portion of its capital stock employed in the state is $582,663.20, upon which the tax would be $291.33. Plaintiff's contention is based upon the ordinary meaning and understanding of the words "total business transacted," which is unquestionably usually expressed by figures representing the gross income, but clearly these terms are not used in this stat-

ute in their ordinary or general significance, but rather in their technical or legal sense, which, as admitted, covers every form of business transacted within the state.

It was certainly not the purpose of the legislature to tax the capital stock employed in one kind of business transacted in the state, but rather in any and every kind of business transacted here.

It would hardly be contended that had plaintiff purchased all of its raw materials within the state, but sold all of its manufactured product outside the state, it was intended by this statute that it should not pay any license tax whatever for doing practically one-half of its entire business in the state, and yet if plaintiff's contention is sound, such would be the result; because, for illustration, suppose that a corporation owned no property in the state, but purchased all its raw material here amounting to say $10,000.00, which it shipped, manufactured and sold for $15,000.00, elsewhere; it would have transacted according to plaintiff's contention, within the meaning of this statute, no business within the state, and there would be nothing upon which the state could collect a license tax, although it had as a matter of fact and within the legal significance of the terms transacted business within the state amounting to $10,000.00, or 40% of its entire business.

We are quite sure it was not the purpose of the statute to levy a license tax simply upon the selling of property within the state, and to exempt from taxation the doing of every other character of business within the state, and we therefore conclude that the construction placed upon the statute by the Tax Commission and not that contended for plaintiff is the proper one.

It is, however, true, as insisted by plaintiff, that the Tax Commission may not select from a corporation's business transactions only such items as are favorable to the state, as a basis for calculating the amount of license tax to be paid, but must include all such transactions as are disclosed by the corporation's report which it is required to make, and this the Tax Commission has done in this instance. Plaintiff does not contend, nor has information been furnished by it which shows, that any item of business transacted within or out of the

state has been omitted which would have produced a result more favorable to it, although it is quite obvious that many items of business have been transacted by it both within and out of the state, that might have been properly included in the calculation, but as all items were included that were furnished by plaintiff in its report for the purpose, it is manifest that it can not complain because of such omissions.

Wherefore the application for an injunction is denied.